McCALEB, Justice.
Pursuant to powers delegated by the Constitution (Section 19.1 of Article 6, as added by amendment adopted on November 2, 1948) the Legislature, by Act 107 of 1954, which became Part XVIII of Title 48 of the Revised Statutes, authorized the State, through the Department of Highways, to take property for highway purposes by ex parte orders in expropriation suits prior to judgment therein under certain conditions stated in R.S. 48:442, 443 and 444. The instant expropriation proceeding was filed in accordance with the aforesaid enactments and, upon the showing made in the petition and exhibits, the Fourteenth Ju *363 dicial District Court for the Parish of Calcasieu issued an order of expropriation of a small parcel of land comprising 0.073 acres owned by respondent, Wm. T. Burton Industries, Inc., upon' the State (relator herein) depositing $292 (its estimated value) into the registry of the court.
Following the deposit as directed by the order of expropriation, respondent moved to dismiss the suit' and vacate the expropriation order on the ground, among others, that relator had not complied with the expropriation statute in that the amount deposited did not approximate just and adequate compensation for the taking of the property. The basis of this contention was that, whereas relator’s petition and the several exhibits attached thereto indicated the area sought to be expropriated as 0.073 acre, the estimate of just compensation (Exhibit P-5) revealed the amount of land involved to be .037 acres. From this premise, respondent asserted that the estimate was approximately one-half the value of the property taken.
On the trial of respondent’s motion to dismiss, the judge refused to allow relator to prove that the statement of acreage contained in Exhibit P-5 was merely a clerical error and that the estimate of just compensation conformed to the actual acreage described in the petition and other ex^ hibits. This ruling was grounded on Section 3 of Rule 6 of the rules of the trial court to the effect that a motion or an exception must be decided on the record unless the attorney filing same attaches a certificate to his motion certifying that evidence will be needed at the hearing. Acting on the pleadings as filed, the judge concluded that relator had not complied with R.S. 48:442(4) [1] and proceeded to vacate and annul the order of expropriation, dismissing the case as of nonsuit. From this judgment relator applied here ■for relief under our supervisory jurisdiction, contending that the remedy by appeal was inadequate as the illegal action of the judge had the effect of unduly delaying it in the construction and improvement of its highways. On the showing made, a writ of certiorari was issued directing the judge to transmit the record so that the validity of the proceedings could be speedily ascertained and ordering that, in the meantime,, his action be stayed until a hearing could be had in this Court on the rule nisi, which has now been submitted to us for decision.
*365 We think it clear that the judge erred in vacating the order of expropriation and dismissing relator’s suit. The position of respondent that the $292 estimate of just compensation for the property-taken is only one-half of its value appears to be frivolous as the pleadings, considered as a whole, make it manifest that the $292 estimate was fixed by the realtors as the fair value for the entire acreage shown by the. survey (Exhibit P-3) of the property involved. But, even were it otherwise,' the judge was without right to set aside the order of expropriation on a motion to dismiss in the absence of a finding that the property was not taken for a public use. R.S. 48.460 ■ declares, in part, that:
“The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use.”
Under the provisions of R.S. 48:445[2] title to the property vested in relator at the time it deposited the $292 in the registry of the court. Therefore, without a showing by respondent that the property was not taken for a public use,[3] relator could not have been lawfully divested of its' title.[4]
We note that respondent has moved in this Court that the writ issued herein *367 should be recalled, contending that relator has a remedy by appeal and, further, that it was guilty of laches by allowing some 45 days to elapse between the time it filed notice of its intention to apply for writs and the time the application was actually filed.
Insofar as the latter complaint is concerned, relator explains that it did not immediately file its petition for writs because this Court was on vacation and it points out that the application was filed within due time to insure a decision at the earliest possible date. This explanation is acceptable.
Nor do we think there is any merit in respondent’s contention that relator had an adequate remedy by appeal. Since we regard the ruling below as arbitrary, our supervisory jurisdiction was properly invoked as relator was entitled to speedy relief, which could not be accomplished by the ordinary process of appeal.
For the foregoing reasons, the writ of certiorari issued herein is made peremptory, the ruling of the trial court reversed and the order of expropriation reinstated; the motion to dismiss relator’s petition is overruled and the case is remanded for further proceedings according to law and consistent with the views herein expressed. Costs of proceedings in this 'Court are to be paid by respondent.

. R.S. 48:442 reads, in part, as follows:
“The petition shall contain the allegations required in R.S. 19:2.1 but shall have annexed thereto the following:
“(4) A statement of the amount of money estimated to be just and adequate compensation for the taking, showing any estimate of damages as a separate item. It shall be signed by those who made the estimate, showing the capacity in which they acted and the date on which it was made. The right of way engineer of the department shall signify his approval of the statement on the face thereof.”

. R.S. 48:445 provides: “Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights as contained in the petition. Upon such deposit, title to ' the property and property rights specified in the petition shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto. Added Acts 1954, No. 107, § 1.”

. In its motion to dismiss, respondent has claimed that the property was not expropriated for a public use. However, since no evidence was adduced to support this contention, it is apparent that it has been abandoned.

. In reaching its decision, the lower court relied heavily upon United States v. 44.00 Acres of Land, D.C., 110 F.Supp. 168, in which the United States District Court for the Western District of New. York vacated the - Federal Government’s declaration of taking on the ground that the estimate of just compensation was arbitrary and was not made in good faith.
The Federal Declaration of Taking Act, 40 U.S.C.A. § 258A et. seq., while similar to the Louisiana Expropriation by a Declaration of Taking Act, contains no such mandatory provision as embodied in R.S. 48:460 (the pertinent part of which is quoted in this opinion). Furthermore, the above decision was not affirmed on appeal, see 2 Cir., 234 F.2d 410, and is directly contrary to the case of United States v. Hayes, 172 F.2d 677, 679, where the Ninth Circuit Court of Appeals states: “It is conceded by the owners that the District Court was without power to set aside the declaration of taking and dismiss the "proceeding. Rightly. For, upon the filing of the declaration of. taking, title passes to the Government, and the District- Court is powerless to dismiss the proceeding.”