JANVIER, Judge.
The automobile collision from which this litigation results took place just before 3 o’clock on the afternoon of February 8th, 1958, at the intersection of Causeway Boulevard and Bore Street, in the Parish of Jefferson.
A 1956 Oldsmobile owned by Louis E. Daray and driven by Mrs. Daray came into collision with a 1957 Chevrolet automobile, owned by Joseph Danos and driven by Mrs. Danos. Danos himself was seated alongside Mrs. Danos on the front seat. Both cars were damaged.
Danos had secured from Washington Fire & Marine Insurance Company a policy of collision insurance under which that company had agreed to pay all but $50.00 of the cost of repairing such damage as might be sustained by the Daray car as a result of collision, and accordingly, when the car was repaired, Daray paid $50.00 of the said cost and the insurance company paid the balance which amounted to $214.-93. At the time of payment the insurance company secured from Daray a conventional subrogation pro tanto and then joined with Daray in bringing this suit against Mr. and Mrs. Danos.
Mr. and Mrs. Danos answered, denying that there had been any negligence on the part of Mrs. Danos and averring that, on the contrary, the cause of the accident had been fault on the part of Mrs. Daray.
Then assuming the position of plaintiff in reconvention, Joseph Danos averred that the accident had been caused by the negligence of Mrs. Daray and prayed for judgment in reconvention in the sum of $276.19, alleging that that had been the cost of repairing his automobile.
There was judgment dismissing the suit of Daray and his insurer, Washington Fire & Marine Insurance Company, and there was judgment in reconvention in favor of Mr. and Mrs. Danos and against Louis E. Daray and Washington Fire & Marine Insurance Company in the sum of $276.19.
The District Judge, realizing that there should not have been a judgment in recon-vention against the collision insurer of Daray, granted a new trial and on the new trial rendered judgment in favor of Mr. and Mrs. Danos and against Daray alone in the sum of $276.19 and dismissing the main demand of Daray and his insurer.
*601 Washington Fire & Marine Insurance Company and Daray appealed devolutively and suspensively from this judgment.
At the opening of the trial it was stipulated that the repairs to the Daray car were made at a cost of $264.93 and that the cost of repairing the damage to the Danos car was $276.19.
Causeway Boulevard is a wide double roadway thoroughfare leading from the causeway which crosses Lake Pontchartrain to the Town of Kenner on the east bank of the Mississippi River. These two roadways are separated by a neutral ground which is five feet in width and which, at the point at which this accident occurred crosses Bore Street, which is a single roadway street on which vehicles proceed in both directions.
Mrs. Daray was operating the Daray automobile in a southerly direction on Causeway Boulevard so that the neutral ground was to her left. Mrs. Danos, with Mr. Danos as a passenger in their car was operating the Danos car on Bore Street, which is a comparatively unimportant roadway, and was going in an easterly direction so that, as her car approached the Causeway Boulevard, the Daray car was approaching from her left and she approached from the right of Mrs. Daray.
Facing Mrs. Danos was a stationary stop sign located to her right on Bore Street. This stop sign required that she stop before attempting to cross Causeway Boulevard.
Whether she stopped at that sign is a disputed question. At any rate a car ahead of her had stopped and had crossed the roadway of Causeway Boulevard on which the Daray car was approaching and the driver of this car apparently intended to turn left in a northerly direction on the other roadway of Causeway Boulevard. There was very heavy traffic on the other side of Causeway Boulevard and therefore this first car could not turn to its left but was forced to stop when it reached the neutral ground of Causeway Boulevard. Because of the narrowness of that neutral ground there was no room for the Danos car to stop in the neutral ground. However, whether or not Mrs. Danos stopped for the stop sign there is no doubt that she did drive her car partially across the roadway on which the Daray car was approaching and then, being blocked by the car which was ahead of her, she brought her car to a stop with its rear end extending into the roadway.
Mr. and Mrs. Danos disagree as to how long their car had been standing partially extending into the roadway when the accident occurred. However, the evidence convinces us that, as Mrs. Daray approached at a speed of about fifty miles an hour, which was within the legal limits so far as this record shows, she saw the car ahead of the Danos car stop, and then cross the roadway and then saw the Danos car suddenly emerge into the roadway ahead of her when she could no longer bring her car to a stop.
Mrs. Daray was justified in assuming that Mrs. Danos would not drive her car across Causeway Boulevard immediately in front of the car driven by Mrs. Daray. Doing so constituted negligence particularly as Mrs. Danos obviously could not use the neutral ground as a shield since it was already occupied by the car ahead of her to such an extent that her car must necessarily extend into the roadway and since still another car, going in the other direction, blocked the other half of the roadway of Bore Street, so that Mrs. Danos could not swerve to the left and stop alongside the car which had stopped ahead of her.
We feel that the fault lay entirely with Mrs. Danos. The judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of Louis E. Daray and against Mrs. Agnes W. Danos and Joseph Danos in the sum of $50.00, and in favor of Washington Fire & Marine Insurance Company and against Mrs. Ag *602 nes W. Danos and Joseph Danos in the sum of $214.93, with legal interest from judicial demand; defendants to pay all costs.
Reversed.