GARDINER, Justice ad hoc.
The state, through the department of highways, brought this action to expropriate for highway purposes two parcels of land together with all improvements thereon belonging to the defendant, Johnie E. Sumrall, one parcel being encumbered by a lease in favor of Oren Russell and Oren W. Russell for the operation of an automobile service station. The expropriation was sought under the provisions of LSA-Revised Statutes 48:441^48:460 (Act 107 of 1954) which were enacted pursuant to the authority vested in the legislature by Article VI, § 19.1, Louisiana Constitution of 1921, LSA. Both the owner and the lessees were made defendants in the suit and the department deposited into the registry of the court the sum of $83,925, estimated to be just compensation for the value of the land with improvements and for the •damages caused by the expropriation. Pursuant to the provisions of the abovemen-tioned statute an ex parte order was issued •expropriating the two parcels of land “together with all the rights, ways, privileges, servitudes and advantages thereunto belonging or in anywise appertaining.” This ■order was signed by the district judge on February 3, 1958, and on February 11, 1958, •the owner, Sumrall, filed an exception of •no cause of action based on the contention that the department was not entitled to the ex parte proceeding authorized by LSA-R.S. 48:441-48:460 because it had failed to ■comply with the basic requirement that separate deposits be made to compensate the owner and the lessee. The lessee filed a similar exception on February 28, 1958. These exceptions were sustained by the trial judge, and judgment was rendered recalling and setting aside the order of expropriation, thus divesting the highway department of title to the property.
The plaintiff has taken a devolutive appeal to this court seeking to have the judgment maintaining the exceptions reversed and the case remanded for further proceedings in conformity with LSA-R.S. 48:-441-48:460, arguing that the provisions of those sections preclude an order divesting the department of title to the expropriated property unless a motion to dismiss is sustained by the trial judge upon a finding that the property was not taken for a public use. The department further urges that it is not required by the statutes nor the jurisprudence to make a separate deposit for the lessee.
Defendants-appellees, having unsuccessfully filed a motion to dismiss the appeal, now, in answer to the highway department’s contentions, argue that the exception of no cause of action, although not specifically authorized by the above statute, was properly employed because it is the only procedural device through which the highway department’s failure to' comply with the provisions of the special statute governing expropriation of property for highway purposes could be raised. They further contend that the lessee’s right to possession is a property right separate and distinct from the ownership of the land, constituting “property” as that term is used in Article VI, § 19.1 of the Louisiana Constitution and in LSA-R.S. 48:441-48:460; and, as the owner of a separate property right, the lessee is entitled to separate compensation upon expropriation of the leased premises. They argue that to allow the department to deposit a single sum as estimated just compensation for the fee ownership as well as for the lease would provoke a dispute between the owner and the lessee as to the value of the two rights, delaying any withdrawal until a full trial on the merits could be had to determine the value of the two interests, thus defeating the owner’s right to immediate withdrawal of the deposit, alleged to be guaranteed to him under the law. Consequently, although the appellees concede that the property is taken for a public use, their argument is *726 essentially that in order to avail itself of the ex parte procedure authorized by LSA-R.S. 48:441-48:460 the department must strictly comply with the provisions of those sections, which it has failed to do by refusing to make separate deposits for the owner and the lessee, and, therefore, the exception of no cause of action was properly sustained.
The primary issue presented by the foregoing arguments is whether the highway department is required by Article VI, § 19.1 of the Constitution or by LSA-R.S. 48:441-48:460 to apportion the advance deposit of just compensation between the property owner and the lessee. The argument that separate deposits are required rests squarely on the premise that apportionment of the deposit between the owner and lessee is necessary in order to permit an immediate withdrawal of the deposit by the owner of each right. However, the controlling[1] constitutional provision, Article VI, § 19.1, is completely silent as regards any right of immediate withdrawal, requiring only a deposit of the appraised valuation of the property before the taking. Turning to the statutes, it appears that the sections [2] providing for withdrawal of the deposit were confected with a view toward some reasonable delay in distributing the fund in some instances. Thus, it does not appear that there is any absolute right to an immediate withdrawal of the fund under the Constitution or under the pertinent statutes, and therefore the basic premise relied on by the defendants to support the proposition that the department is required to apportion the fund is invalid. This being true, it follows that there has been no showing that the department failed to comply with the requirements of LSA-R.S. 48:441-48:460, and, therefore, the trial judge erroneously sustained the exception of no cause of action.
Since we are convinced that there has been no showing that the plaintiff failed to comply with the procedure prescribed by the pertinent statutes, it is unnecessary tO' decide the procedural issue of whether the exception of no cause of action is the proper device through which to raise the issue of the highway department’s failure to-comply with the provisions of LSA-R.S. 48:441-18:460.
For the reasons assigned, the judgment of the district court sustaining the defendants’ exception of no cause of action is reversed, the order of expropriation is hereby reinstated, and the cause remanded for further proceedings under the provisions-of LSA-R.S. 48:441-48:460; the defendants-appellees to pay all costs of this appeal.

. State Through Department of Highways, v. Macaluso, 1958, 235 La. 1019, 106 So.2d 455.

. LSA-R.S. 48:449 and 48:458.