FRUGÉ, Judge.
Under our supervisory jurisdiction, writs were granted in this expropriation suit to review a judgment of the trial court recalling a previously issued order of expropriation.
The State of Louisiana, through the Department of Highways, brought this action to expropriate for highway purposes certain lands together with all improvements thereon belonging to defendant, Aubrey O. Henderson. The expropriation was sought under the provisions of LSA-R.S. 48:441 to 48:460 (Act 107, 1954) which were enacted pursuant to the authority vested in the legislature by Article VI, Sec. 19.1, Louisiana Constitution of 1921, LSA. The petition of expropriation was filed April 29, 1960 and the order of expropriation was signed and filed and the deposit of the estimated value of the expropriated property made on the same date. Service was made on defendant who thereupon filed a rule seeking to dissolve the aforementioned order on the grounds that the Department had arbitrarily excluded “nursery stock” from its evaluation and that therefore the order of taking had been improvidently *578 issued as plaintiff had not complied with the requirements of LSA-R.S. 48:441 to 48:460. The lower court, on the hearing of the rule, found that nursery stock was part and parcel of the soil and that it passes to the Department with the soil in full ownership and therefore suspended, recalled and dissolved the ex parte order of taking until such, time as there was substantial compliance by the state with the requirements of LSA-R.S. 48:441, 48:442, 48:443 and 48:445 by depositing the amount estimated to be just and adequate, but stayed the judgment and suspended the effective date thereof for fifteen days to permit the state time to re-appraise the property and deposit the amount found due.
The sole issue presented is whether or not, under these circumstances the district court could recall its order of expropriation.
The defendant maintains that the statutes under which the state acts must be strictly complied with or else suffer the. penalty of having its actions avoided. Here the appraisers originally included in their evalution certain nursery stock, but the appraisal attached to the state’s petition in the expropriation proceedings did not include them. The Department had determined that they were movables and not compensible and therefore excluded them from the appraisal finally submitted. The defendant alleges that the above actions were not in compliance with the act which requires that the amount estimated by the appraisers to be just and adequate be deposited and that therefore the order of expropriation was erroneously issued since the amount that the estimators determined was not deposited.
The state maintained that under the so-called rule in the case of State of Louisiana Through Department of Highways v. Wm. T. Burton Industries, Inc., 1956, 231 La. 360, 91 So.2d 375, 377, that under no circumstances can the state be divested of title to property it has acquired under the authority of LSA-R.S. 48:441 to 48:460 except where the * * * “court finds that the property was not taken for a public use.”
In two recent cases, State of Louisiana Through Department of Highways v. Schnitt et al., 1960, 238 La. 1069, 117 So.2d 595, and State of Louisiana Through Department of Highways v. Sumrall et al., 1960, 240 La. 147, 121 So.2d 724, it was implied that in a proper case and on a showing that the state had not complied with the Act then in such case a district court could recall a previously issued order of expropriation. In the Schnitt case, supra, the following language appears [238 La. 1069, 117 So.2d 599]: * * * “conceding arguendo that the lessee is correct in this contention it is obvious that his objection comes too late, [his objection was that the money was not deposited in the manner required by law]. It was not urged, as required by the * * * provisions of LRS 48:447, within ten days after notice to him of the expropriation suit. * * * ”. And in the Sumrall case [240 La. 147,121 So.2d 726]: * * * “since * * there has been no showing that the plaintiff failed to comply with the [expropriation procedure] * * * it is unnecessary to decide the procedural issue of whether the exception * * * is the proper device through which to raise the issue of * * * failure to comply with * * * LSA-R.S. 48:441-48:460.”
The question of whether nursery stock is movable (in which case it should not be included in the estimate) or immovable (in which case it should be included in the estimate) is res nova in Louisiana. The state chose not to include it in their estimate because of this uncertainty. The estimate and deposit made by the state was both serious and fair. There was nothing arbitrary in its decision not to include nursery stock in its estimate in view of the above and the fact that LSA-R.S. 48:445, 48:450, 48:451, and 48:454 provide a remedy by trial in order to determine the amount of the appraisal and the status of nursery stock.
*579 Since we are convinced that there has been an adequate compliance by the state with the Act the basic premise of defendant falls and since it has neither been alleged nor shown 'that the property was not taken for a public use defendant’s position cannot be maintained.
For the reasons assigned, the judgment of the district court recalling the order of expropriation is annulled and set aside, and the order of expropriation reinstated, and this case remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed. Costs of proceedings in this court are to be paid by respondent.