HOOD, Judge.
Plaintiff, State of Louisiana, through the Department of Highways, has appealed from a’ judgment of the district court decreeing that a supplemental and amending order of expropriation which had been issued by the district court several months prior thereto, on June 7, 1962, be rescinded and recalled.
The record shows that in 1961 plaintiff instituted an action in the district court to expropriate for highway purposes, under the provisions of Act 107 of 1954 (LSA-R.S. 48:441-48:460), two tracts of land located in Calcasieu Parish. It demanded the full ownership of one of these tracts, but as to the other only a temporary servitude for use as a borrow pit area was sought. Both of these tracts were owned in indi-visión by 66 persons, all of whom are named as defendants in this expropriation proceeding. On the day that action was instituted, September 28, 1961, an order of expropriation was signed by the trial judge ordering that the properties and rights be expropriated and taken as prayed for in plaintiff’s petition.
In that proceeding, plaintiff annexed to its petition all of the documents required by LSA-R.S. 48:442, including a statement of the amount of money estimated to be just and adequate for the taking and for damages. Plaintiff then deposited in the registry of the court the sum of $104,666.00, as the estimated just compensation for the two tracts of land expropriated and for damages, and the clerk thereupon issued a receipt as required by LSA-R.S. 48:445. No question has been raised by any of the parties to this suit as to the legality of that proceeding, as to the validity of the order of expropriation or as to the value of the property or rights taken. After the above-mentioned deposit was made, and prior to June 7, 1962, practically all of the deposited funds were withdrawn by the defendants pursuant to various judgments or orders of the district court directing the clerk to make such payments.
On June 7, 1962, or more than eight months after the original order of expropriation had been issued, the Department of Highways filed a “Supplemental and Amending Petition” in this suit, wherein it sought to amend the original order of expropriation to acquire another and different borrow pit area instead of the one expropriated in the original petition. The borrow pit servitude originally expropriated contained 22.22 acres and was located on the east side of the proposed new highway, whereas the new borrow pit servitude sought by plaintiff, also consisting of 22.22 acres, affects an entirely different tract of land located on the west side of the proposed new highway. In response to this petition, a “Supplemental and Amending Order of Expropriation” was issued by the court on June 7, 1962, decreeing that the original order of expropriation be amended and supplemented by deleting from that order the description of the tract affected by the original temporary borrow pit servitude, and substituting in lieu thereof a description of the new tract located on the other side of the highway. The order further decrees that the title to the temporary servitude originally expropriated “is hereby restored unto the defendants.”
The only document attached to plaintiff’s supplemental and amending petition is a plat showing the location of the new borrow pit servitude which plaintiff sought to acquire. None of the documents required by LSA-R.S. 48:442 are annexed to this supplemental petition, and no money was deposited in the registry of the court in connection with that proceeding. Upon filing tire Supplemental and Amending Order of Expropriation, plaintiff obtained from the clerk a “Supplemental and Amending Re *619 ceipt,” dated June 7, 1962, but in that receipt the clerk merely declares that a print of a map showing the new servitude area is annexed to the amended petition, that the new servitude is substituted for the old one by order of court, and that on September 28, 1961, the Department of Highways had paid into the registry of the court the sum of $104,666.00.
On June 13, 1962, five of the defendants filed a motion to dismiss the supplemental petition on the ground that the new servitude sought in that pleading was not expropriated for a public use. On June 18, 1962, approximately 29 other defendants filed exceptions of no cause of action and motions to dismiss the supplemental petition and to vacate the Supplemental and Amending Order of Expropriation, alleging as grounds for the motion that the proprety was not taken for a public use, that in attempting to expropriate .this new servitude there had been no compliance with the provisions of Act 107 of 19S4, and that no payment or deposit had been made as required by that Act. All of the above-mentioned motions and exceptions were tried on January 3', 1963, and thereafter, on June 14, 1963, judgment was read and signed by the district court maintaining the exceptions and motions to dismiss, ordering that the supplemental and amending petition filed by plaintiff be dismissed and decreeing that the “Supplemental and Amending Order of Expropriation” issued on June 7, 1962, be rescinded and recalled. Plaintiff, Department of Highways, has appealed from that judgment.
The appellant Department of Highways contends that it cannot be divested of its title to the new or relocated borrow pit servitude except upon a showing that the servitude was not taken for a public use, and it points out that in this case there has been no such showing. It takes the position that since it acquired title to the new servitude by the supplemental order of expropriation issued on June 7, 1962, and there has been no showing that the property was not taken for a public use, the trial court erred in rescinding and recalling tifie Supplemental and Amending Order of Expropriation. To support that argument the appellant refers us to the provisions of LSA-R.S. 48:460, and to the cases of State, through Department of Highways v. Wm. T. Burton Industries, 231 La. 360, 91 So.2d 375; State, through Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531; and State, through Department of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455.
Act 107 of 1954 (incorporated in our Revised Statutes as RS. 48:441-48:460) was enacted pursuant to the provisions of Article VI, Section 19.1, of the Louisiana Constitution, LSA. This section of the Constitution provides:
“The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers.”
LSA-R.S. 48:460 provides, in part, that:
“The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use.”
All three of the cases cited and relied on by plaintiff are authority for the proposition that the Department of Highways cannot be divested by court order of any title acquired under the provisions of Act 107 of 1954, except where the court finds that the property was not taken for a public use. As stated in State v. Guidry, supra, “ * * * when the Highway De *620 partment expropriates property under these provisions, there are only two questions which the courts may determine: (1) the adequacy of the compensation, and (2) whether the property was taken for a public purpose.” (124 So.2d 532, 533).
In the Burton case, supra, the defendant landowner sought to vacate the order of expropriation on the g-round that the amount deposited did not approximate a just and adequate compensation for the taking. Our Supreme Court held, however, that the Department of Highways could not be divested of its title on that ground, and accordingly that the trial court had erred in vacating the order of expropriation. The only issue presented in State v. Macaluso, supra, related to the constitutionality of Act 107 of 1954, and in that case it was determined that the Act “is valid and constitutional insofar as it applies to the present proceedings.” The Court did say in that case, however, that “ * * * any attempt to expropriate property in such summary manner may he violative of the cited constitutional provisions (pertaining to due process and separation of powers) if done otherwise than pursuant to a statutory enactment thus expressly authorized by Article VI, Section 19.1.” In the Guidry case, supra, the defendant moved to vacate the order of expropriation on the ground (1) that Act 107 of 1954 is unconstitutional, and (2) that plaintiff needed only a servitude instead of the fee title to the property taken. The Supreme Court, in determining that the motion to vacate was without merit, held that the Act was constitutional, and that it is within the discretion of the Highway Department to determine whether full ownership of the expropriated property or merely a servitude is necessary.
In all three of the cases just discussed, however, there had been a strict compliance with the provisions of Act 107 of 1954. In each case the Department of Highways had annexed to its original petition all of the documents required by LSA-R.S. 48:-442, and it had deposited in the registry of the court the amount of money estimated to be just and adequate compensation for the taking and for damages. The question of whether an order of expropriation may be vacated in a case where the expropriating authority did not comply with the provisions of Act 107 of 1954 was not considered in any of those cases.
LSA-R.S. 48:460 provides that the plaintiff shall not be divested by court order of any title "acquired under these provisions’’ except where the court finds that the property was not taken for a public use. We think this language indicates, and even in the absence of such a provision it would necessarily and logically follow, that if the Department of Highways obtains an order of expropriation without complying with the provisions of Act 107 of 1954, then its title under such an order could not be said to have been "acquired under these provisions” and the Department would not be entitled to the protection against divestiture of title as provided in LSA-R.S. 48:460.
In State, through Department of Highways v. Henderson, La.App. 3 Cir., 123 So.2d 577 (Cert. denied), we considered the question of whether the district court could recall its order of expropriation on the ground that there had not been a compliance with Act 107 of 1954. Although we determined in that case that “there has been an adequate compliance by the state with the Act,” and for that reason that the trial court had erred in recalling its order of expropriation, we also held that the trial court did have the power or authority to recall its order of expropriation if it determined that the expropriating authority had failed to comply with the statute. Although this last-mentioned holding may be considered as dictum, it was based upon expressions of our Supreme Court in State, through Department of Highways v. Schnitt, 238 La. 1069, 117 So.2d 595, and in State, through Department of Highways v. Sumrall, 240 La. 147, 121 So.2d 724, and we think it correctly expresses the law of this State. (See quotations from each of those cases in State v. Henderson, supra).
*621 The Louisiana statute, Act 107 of 1954, is patterned closely upon the Federal Declaration of Taking Act (40 U.S.C.A. §§ 258a-258e). In United States v. 44.00 Acres of Land, Etc., D.C., 110 F.Supp. 168, one of the questions presented related to the court’s power to inquire into the good faith of the acquiring authority regarding the statement of estimated just compensation contained in the declaration of taking under the Federal Declaration of Taking Act. In resolving that issue the United States District Court, for the Western District of New York, held that, “It is fundamental that the courts may require compliance with the statute when the Government elects to resort to the statutory method of acquiring title.”
In the instant suit, the Department of Highways originally expropriated a temporary servitude affecting one tract of land, and in obtaining that servitude there was a compliance with the provisions of Act 107 of 1954. Later, the Department obtained a supplemental order of expropriation purporting to vest it with title to a new temporary servitude affecting an entirely different tract of land, but in this last proceeding the plaintiff did not comply with the provisions of Act 107 of 1954. None of the documents required by LSA-R.S. 48:442 were annexed to the petition filed in connection with this last proceeding, and no deposit was made in the registry of the court as required by LSA-R.S. 48:444, 48:445, and by Article VI, Section 19.1, of the Louisiana Constitution. Although this last order purports to amend a prior order of expropriation by changing the description of the property taken, we think it clearly constitutes a new taking of an entirely different piece of property. Since there was not an adequate compliance with the provisions of Act 107 of 1954 in connection with this last proceeding, we think LSA-R.S. 48:460 is not applicable and that the trial court correctly vacated its Supplemental and Amending Order of Expropriation.
For the reasons herein assigned, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Department of Highways.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.