HOOD, Judge.
This case was before us some time ago ■on an appeal by the Department of Highways from a judgment of the trial court which decreed that a “Supplemental and Amending Order of Expropriation,” issued -on June 7, 1962, be rescinded and recalled. We affirmed that judgment of the district court. See State, Through Dept. of Highways v. Bordages, La.App. 3 Cir., 156 So.2d 617 (writs refused, 245 La. 462, 158 So.2d 612).
On August 5, 1965, plaintiff sought to file an “Amended Supplemental Petition and Petition for Rule,” in which it prays for judgment ordering defendants to refund to plaintiff a substantial portion of the amount originally deposited as just compensation for the property or rights taken. A rule was issued directing defendants to show cause why plaintiff should not be permitted to file that pleading. After hearing, judgment was rendered by the trial court on December 10, 1965, decreeing that plaintiff is not entitled to file this supplemental and amended petition and dismissing the rule. Plaintiff appealed from that judgment, and the case is before us for the second time on that appeal.
The pertinent facts, many of which are set out in our earlier opinion, are that pursuant to the provisions of the Highway Expropriation Act (LSA-R.S. 48:441 et seq.) an order of expropriation was issued in this proceeding on September 28, 1961, granting to the Department of Highways: (1) The full ownership of a strip of land running through defendants’ property to be used as the right-of-way for a public highway; and (2) a temporary servitude affecting 22.22 acres of defendants’ property to be used as a borrow pit in the construction of said highway. The tract of land affected by the temporary servitude for borrow pit purposes was located on the east side of the proposed highway right-of-way, and the servitude was “limited to the time during which the said project is under construction.” The sum of $104,-666.00 was deposited in the registry of the court as just compensation for the property and rights expropriated.
On June 7, 1962, in response to pleadings filed by the Department, a “Supplemental and Amending Order of Expropriation” was issued purporting to amend the original order of expropriation in the following particulars: (1) By changing the description of property affected by the temporary borrow pit servitude from the original 22.22-acre tract on the east side of the highway to a new and different 22.22-acre tract on the west side of that highway; and (2) by restoring to defendants the title to the temporary borrow pit servitude described in the original order. No additional amount was deposited in the registry of *799 the court in connection with this proceeding. A few days after this amended order was signed, some of the defendant landowners filed motions and exceptions challenging the Department’s right to change the location of the property affected by the servitude or to proceed in such a manner. The motions and exceptions were sustained by the trial court on January 3, 1963, and a formal judgment rescinding and recalling the “Supplemental and Amending Order of Expropriation” was read and signed on January 14, 1963. We affirmed the judgment of the trial court on September 11, 1963 (156 So.2d 617).
Plaintiff has never used the original borrow pit servitude located on the east side of the proposed highway. No excavating has been done there and no dirt has ever been removed from that area. Plaintiff, however, has made use of the new borrow pit area on the west side of the proposed highway. Through its contractor, W. R. Aldrich & Company, plaintiff began excavating that area on June 15, 1962, which was just a few days after the Supplemental and Amending Order of Expropriation was obtained, and it continued to dig and to remove dirt from that area until June 3, 1963. During that period, plaintiff excavated and removed at least 117,351.6 cubic yards of dirt from the borrow pit area west of the highway.
In 1961 and 1962, the defendants sought and obtained orders of court authorizing each of them to withdraw his pro rata share of the amount deposited in the registry of the court. The Department of Highways was served with notice of each such proceeding, and in some instances it filed an answer admitting that the landowners were entitled to their proportionate shares of the amount deposited, upon proper showing of their interest therein.
On or about July 22, 1964, the defendant landowners were notified in writing by the Department that it had finally accepted the construction of the highway project for which the property was expropriated. The construction of that project obviously had been completed by that date, so the servitude for borrow pit purposes expired by its own terms not later than July 22, 1964, regardless of which tract of land was affected by it.
On June 5, 1963, the landowners (defendants in the instant suit) instituted a separate action against the Department, its contractor and the latter’s insurer, for the value of the dirt removed from their property, for damages and for injunctive relief. The Department specially pleaded “unjust enrichment” and “offset” as defenses in that suit, contending that it was entitled to a credit or offset against the claim being made against it of the amount which it originally deposited in the registry of the court as just compensation for the original temporary servitude. Judgment was rendered on November 2, 1965, in favor of the plaintiff landowners, awarding them the sum of $33,625.00. Plaintiffs and some of the defendants appealed, and we are rendering judgment in that case on this date. See Gray et al. v. State of Louisiana, Through Department of Highways et al., La.App., 191 So.2d 802.
In the Gray case, supra, written reasons for judgment were handed down on July 26, 1965. About ten days later, on August 5, 1965, the Department filed in the instant suit an “Amended Supplemental Petition for Rule,” in which it alleges that at the time the original order of expropriation was issued, September 28, 1961, it deposited $104,666.00 in the registry of the court as just compensation for all of the property or rights expropriated, that this deposit included $26,664.00 as just compensation for the borrow pit servitude, and the additional sum of $10,481.00 as severance damages resulting from the taking of that right, making a total deposit of $37,145.00 for that particular servitude and damages. Plaintiff contends that since that original servitude was never used, it is entitled to *800 a refund of all or a part of the amount which it had paid to defendants for it. It demands primarily that the defendant landowners be condemned to refund to plaintiff the full sum of $37,145.00 which it had paid to defendants for that servitude and damages. In the alternative, plaintiff demands that defendants be compelled to refund the sum of $10,481.00 which it deposited originally as severance damages. A rule was issued directing defendants to show cause why plaintiff should not be permitted to file this amended and supplemental pleading and why it should not be entitled to the relief which it sought. After trial, judgment was rendered by the trial court dismissing the rule and rejecting both the principal and alternate demands of plaintiff. This appeal was then taken from that judgment.
The principal issue presented is whether the Department may institute proceedings demanding a refund of a portion of the amount previously deposited by it under LSA-R.S. 48:445, and thus obtain a trial to determine what is just and adequate compensation for the property taken, after all of the defendant landowners have withdrawn the amount deposited as authorized by LSA-R.S. 48:449, and even though none of the defendants has applied for a trial under the provisions of LSA-R.S. 48:451 to determine the proper amount of compensation. Plaintiff contends that it does have the right to do so, while defendants contend that it does not.
LSA-R.S. 48:451 provides, in part, that:
“Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the just and adequate compensation to which he is entitled, provided:
(1) He files an answer within one year from the date he is notified in writing by the department that it has finally accepted the construction of the highway project for which the property was expropriated; * * * ” (emphasis added)
The act further provides that upon the filing of an answer by “any defendant,” within the time set out in LSA-R.S. 48:451, the matter shall be scheduled for trial, and that it should be tried in accordance with the provisions of the general expropriation laws. See LSA-R.S. 48:453 and 454. The act then provides:
RS. 48:456: “If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.
If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess." (emphasis added)
Our interpretation of this statute is that the defendant property owner may accept the amount deposited in the registry of the court, or he may apply for a trial under the provisions of LSA-R.S. 48:451 to determine what is a just and adequate award for the property or rights taken. The right to apply for such a trial is accorded only to a defendant landowner. If the defendant does provoke such a trial, however, the Department may then show at that trial that the deposit was excessive, and if it makes such a showing then the court, pursuant to LSA-R.S. 48:456, shall enter judgment in favor of the Department and against the proper parties for the amount of the excess.
This interpretation appears to be in accord with that applied in State, Through Dept. of Highways v. Freyer, La.App., 2 Cir., 129 So.2d 114. In that case the deposit made by the Department included an amount for an entire frame building. The court later rendered a judgment which, in effect, permitted the defendants to retain the building, and the Department thereupon filed a petition in the expropriation suit demanding a refund of that portion of the *801 amount deposited which was intended as compensation for the building. It also filed another petition seeking to have the last mentioned judgment annulled. The petition for a refund was dismissed on an exception. The petition for nullity went to trial on the merits, and judgment was rendered by the trial court rejecting the Department’s demands. On appeal, our brothers of the Second Circuit Court of Appeal remanded the action for nullity for additional evidence on equitable grounds, stating that there existed the “possibility of a grave injustice being committed by allowing the judgment to stand.” The court recognized, however, that ordinarily the right to apply for a trial to determine the adequacy or insufficiency of the amount deposited is accorded only to the defendant landowner. In that connection, the court said:
“* * * In other words, it is the Department of Highways’ contention that the only way the district court may finally determine the amount due for the property expropriated is by means of a trial on the merits pursuant to the provisions of Sections 450 through 460 as above outlined. We cannot agree with this contention inasmuch as both Sections 450 and 451 clearly provide ‘any defendant may apply for a trial to determine * * To us the logical interpretation is that the property owner may accept the amount deposited in the registry of the court under Section 449, or if not satisfied with such an estimate, he may apply for a determination of a just award under the latter provisions. We are further fortified in our conclusions on this point because the provisions permitting a trial on the merits are only applicable by their clear language to the ‘defendant’.”
In the instant suit, the defendant landowners withdrew the amounts deposited before the Department filed pleadings seeking a trial and a refund of a portion of that amount. Also, in this expropriation proceeding, none of the defendant land-owners has applied for a trial to determine the just and adequate compensation for the property or rights taken. Under those circumstances and our interpretation of the Highway Expropriation Statute, we think the trial court correctly refused to permit the filing of such pleadings by the Department
Plaintiff contends, however, that in rendering judgment in the Gray case, supra, the trial court specifically held that the Department could provoke a trial in the instant suit to determine whether the amount of the deposit was excessive and whether a refund should be made. In the Gray case, the trial court rejected the defenses of “unjust enrichment” and “offset” urged in that case, but in doing so the court made the following statement in its reasons for judgment:
“ * * * With respect to the contention of unjust enrichment, if the State has paid the landowners in the Bordages suit more than the market value of the property expropriated then this may he an issue for determination if and when that suit comes to trial. For these reasons, the Department of Highways is not entitled to credit in this case for any sum deposited in the registry of the court in the Bordages suit.” (emphasis added)
The Department argues that in using the above quoted language in the Gray case, the trial court authorized it to apply for and to obtain a trial in the instant suit to determine whether it is entitled to a refund. We cannot agree with the Department in this contention. We have already pointed out that the issue of whether the deposit is excessive may be raised by the Department in a trial provoked by the defendant landowner, but that the right to apply for a trial is accorded only to a- defendant. The ruling of the trial judge is not inconsistent with our understanding of the law.
Although we have concluded that under the circumstances presented here the De *802 partment, for technical reasons, has no authority to apply for a trial in this proceeding to determine the proper amount of compensation, we think it is appropriate to note that we are holding in the Gray case, supra, that the trial judge erred in that proceeding in refusing to allow the Department credit for a portion of the amount deposited under its equitable defense of "unjust enrichment.”
In the instant suit, we find no error m the ruling of the trial judge that the Department cannot apply for and obtain a trial to determine whether the deposit was excessive under the circumstances presented here. In so ruling, however, we make it clear that we express no opinion as to whether the Department would have had the right to raise the same issue, or to demand a refund, at the time a defendant landowner applied for an order authorizing him to withdraw the amount deposited under the provisions of LSA-R.S. 48:449. The defendants in this suit apparently concede that the Department would have had such a right, and there appears to be some support for such a proposition in State, Through Dept, of Highways v. Freyer, supra. In this case, however, the Department raised no issue as to the excessiveness of the deposit at the time the defendants applied for authority to withdraw the amounts deposited, so it is unnecessary for us to consider or to determine whether it had the right to do so at that time.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.