UNITED STATES of America, Petitioner-Plaintiff,

v.

CERTAIN LANDS IN SUFFOLK COUN-TY, STATE OF NEW YORK, and Sungic Land Company, Inc., et al., Defendants.

No. 65 CD 1025.

United States District Court
E. D. New York.
Nov. 26, 1965.

Harry T. Dolan, Sp. Asst. Atty. Gen., of the United States, for petitioner-plaintiff.

Patterson, Belknap & Webb, New York City, for defendant Sungic Land Company, Inc., Robert P. Patterson, Jr., Peter D. Junger, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant moves for an order (1) vacating and setting side the Declaration of Taking filed herein on October 7, 1965 and the Order for Immediate Possession entered on October 8, 1965 upon the ground that the deposit of $375,000 made by the Government was made in bad

faith and was insufficient in law to authorize the taking pursuant to the provisions of the Declaration of Taking Act, 40 U.S.C. § 258a or, (2) in lieu thereof, for an order requiring the plaintiff to increase the deposit to at least $585,000, and (3) authorizing the deposit of $375,000 to be paid to certain creditors and the balance to the defendants, and (4) for an order dismissing that part of the complaint condemning Tract No. 2732 as not being within the purview of the Act and lastly (5) for damages sustained due to the temporary taking from October 7, 1965 to the date of entry of orders granting the relief requested hereinabove in items designated as 1 and 2.

It appears that the Department of the Interior negotiated with representatives of the claimant, Sungic Land Company, Inc., for the purchase of land involved in this action. After negotiations were completed it was tentatively agreed that the fair market value of the parcels should be $735,000. This figure was submitted to the authorities in Washington, D. C. and disapproved. The Government commenced this present proceeding and deposited the sum of $375,000 in the Registry of this Court as "the estimated just compensation for said tracts of land." The claimant now contends that this deposit was made in bad faith and, therefore, the order vesting title in the United States should be vacated.

The claimant relies principally upon United States v. 44.00 Acres of Land, etc., 110 F.Supp. 168 (W.D.N.Y.1953), 234 F.2d 410 (2d Cir.), cert. denied 352 U.S. 916, 77 S.Ct. 215, 1 L.Ed.2d 123. A careful reading of this case discloses no support for its contentions. In that case the district court vacated the Declaration of Taking upon the ground that the original estimate of $300,000 as the value of the land taken was made in bad faith. The Government had previously estimated the property to be worth $500,000, and proposed a Declaration of Taking based on this estimate which was never filed. The Circuit Court held in part at page 415 of 234 F.2d:

"However, the district court had no power to set aside the first amended Declaration of Taking, and its order so doing is void." See also cases cited in footnote 5.

The applicable law is well settled as stated in In re United States, 5 Cir., 257 F.2d 844, cert. denied Certain Interests in Property in Hillsborough County, Fla. v. United States, 358 U.S. 908, 79 S.Ct. 234, 3 L.Ed.2d 228, wherein the court held in part at page 848 of 257 F.2d:

"With deference to the contrary views of the district judge, we deem the settled law to be that the purported bad faith exception to the rule of finality of the administrative estimate of just compensation does not exist, that, in short, the courts have no jurisdiction to review the amount of estimated compensation, none to set aside or vacate a declaration of taking, none to refuse a declaration of possession on the grounds asserted here. If the law were otherwise, a district judge, under the guise of determining whether the declaration of taking was in good faith and the amount tendered sufficient to escape the charge that it was arbitrary or fraudulent, could superintend the whole act of taking, vesting title, and acquiring possession, and thereby prevent its accomplishment unless the amount estimated measured up to his idea of what that amount should be.

\* \* \* \* \* \*

"The nature and purposes of the Declaration of Taking Act were described as follows in United States v. Miller, 317 U.S. 369, 381, 63 S.Ct. 276, 283, 87 L.Ed. 336:

'The purpose of the statute is two-fold. First, to give the Government immediate possession of the property and to relieve it of

the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest. * * *'

"In the same case, the Supreme Court thus rejected the argument advanced here that the amount of the estimated compensation was a matter of the court's concern:

'The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment "on account of" compensation and not a final settlement of the amount due. To hold otherwise would defeat the policy of the statute and work injustice; would be to encourage federal officials to underestimate the value of the property with the result that the Government would be saddled with interest on a larger sum from date of taking to final award, and would be to deny the owner the immediate use of cash approximating the value of his land.'

"The statute itself is clear. It provides that the declaration of taking contain a statement of the sum of money 'estimated by said acquiring authority to be just compensation for the land taken.' Congress plainly gave the acquiring authority, not the courts, the function of estimating just compensation for this purpose. And the lack of court review is evident from the fact that when the declaration is filed and the deposit made in court 'title to the said

lands * * * shall vest in the United States of America, and said lands shall be deemed to be condemned * * *.' Had Congress intended court review of the declaration or the amount of the estimate it would have provided for some court action by way of approval before title passed. It did not require any court action in this particular. Likewise, because it did not contemplate any court action, it made no provision for response by the condemnee or even for notice prior to vesting of title."

 That portion of the claimant, defendant's motion, hereinabove designated as item 4, pertains to a requested exclusion of Tract No. 2732 from the taking upon the ground that the Act does not authorize its acquirement by the Government. The Court concludes that this issue should be determined after a trial, not upon affidavits.

The defendant's motion is in all respects denied.

The plaintiff's cross motion for summary judgment and to strike the answer is granted excepting as to the issue hereinabove described in item 4.