AYERS, Judge
(dissenting):
Plaintiff-appellee sought by expropriation to acquire, for street purposes only, a fee simple title for a right of way across property of defendant, Effron Land Corporation. Defendant’s property consists of a plot in the City of Monroe generally rectangular in shape, 149.98 feet in length north and south, with widths of 103.24 feet at the north end and 102.60 feet at the south end.
The right of way sought, extending northeast to southwest across defendant’s property, encompasses the Old De Siard Road, with an additional strip on the southeast side thereof, which strip has a width at the northeast end of approximately 18.5 feet and at the southwest end of approximately 7.5 feet. Outside the right of way are two remainders, one on the northwest side of the right of way and the other on the southeast side, each in the form of a right triangle with legs to the first of approximately 65 and 80 feet, respectively, in length, and to the second of approximately 85 and 85 feet, respectively, in length.
The taking of these two triangular areas is the subject matter of defendant’s most serious objections. These plots are beyond and outside plaintiff’s plat of the area needed and sought for street purposes. No other purpose is alleged.
Defendant objected to plaintiff’s offering of evidence to establish some other purpose for the taking — thus, in effect, to enlarge the pleadings. The objection, in my opinion, should have been sustained and the taking confined to that portion of defendant’s property alleged to be necessary for street purposes. By defendant’s timely objection, the pleadings were not enlarged to include property not needed for the purpose alleged.
I am not unmindful of the technical rules of pleadings upon which the majority relies to support its views. Nor, am I unmindful of the application of these rules in proper instances. But here, by far, the controlling rule is the one contained in the Constitution: “ . . . private property shall not be taken . . . except for public purposes . . . . ” La.Const., Art. 1, § 2.
The burden and responsibility are upon the expropriating authority to establish, by legal, competent, and admissible evidence, that the taking of private property is for public purposes. No stronger or more forceful objection could be made than the aforesaid constitutional prohibition which is clearly and unmistakably set forth.
Technical rules of procedure were developed from experience and over great lengths of time, and exist for the purpose of promoting justice between parties never to inflict or perpetuate an injustice such as here, where the taking of private property, purportedly for a public purpose, was neither alleged not established by legal, competent, and admissible evidence.
This is not an ordinary run-of-the-mill case in expropriation. Involved is a question of the validity of the taking of private property without allegation or legal proof of either the necessity for or the purpose *866 of the taking. Appropriate here are declarations of the authors of “Eminent Domain in Louisiana,” Professors Melvin G. Dakin and Michael R. Klein:
“The constitutional question of public purpose is, at bottom, an issue for judicial resolution. A legislative declaration that expropriations of a certain kind are to be for public purposes does not alone satisfy the constitutional requirement that the taking be for a public purpose. Since the existence of a public purpose for the proposed improvement is a constitutional requirement without which property cannot be expropriated, the burden is on the taker to show that a public purpose exists.” (United Gas Pipe Line Company v. Blanchard, 149 So.2d 615, 616 [La.App., 1st Cir., 1963 — cert, refused].)
P. 357.
“As in all civil cases, those allegations in plaintiff’s petition not specifically denied are deemed admitted. [La. Code Civ.P. Art. 1004.] Therefore, - although the burden of proving public purpose is on the taker, it need not be carried unless the allegation of public purpose contained in his petition is denied by the defendant. Louisiana requires all those seeking to expropriate private property to state in the petition the purpose for the proposed taking. [La.Rev.Stat 19:2.1(2).] Therefore, an answer denying that the uses alleged will serve a public purpose will be sufficient to raise the issue of public purpose and cause the taker to bear his burden of proving it.
* * * * * *
“As pointed out above, the burden of proving public purpose is imposed on the taker." (City of New Orleans v. Crawford, 9 So.2d 82 [La.App., Orl., 1942-cert. denied].) (Emphasis supplied.)
P. 358.

“Although no cases have been found in which it was urged that the taking for highway or road purposes was not for a public purpose, [State v. Wm. T. Burton Industries, 231 La. 360, 91 So.2d 375 (1956)] the public purpose of such a taking may still be raised; [State v. Guidry, 240 La. 516, 124 So.2d 531 (1960)] the burden of showing public purpose would be on the expropriating agency whether it be the state highway department, a local police jury, or a municipality.” (Emphasis supplied.)
“The general rule is that the amount of land and the nature of the interest taken must be reasonably necessary for the accomplishment of the proposed project. [See the authorities cited.] Thus it has been stated that ‘an expropriating authority will be neither permitted nor required to take more land, or rights therein, than is reasonably sufficient and suitable for its particular need.’ ” (Emphasis supplied.)
Pp. 365-366.
See the authorities listed in the footnotes to the quoted portions of the treatise.
Moreover, if the provisions of the statutes LSA-R.S. 19:6 and 7 are to be given effect in this cause with respect to the filing of defendant’s answer within 15 days after service of notice of the time fixed for the trial, and, on the failure of the filing of its answer within that delay, all defenses are waived, it appears the defendant’s answer was timely filed. Although this cause was originally assigned for trial on May 10, 1973, this assignment on plaintiff’s motion was upset and the cause reassigned and refixed for June 18, 1973. In the meantime, defendant’s answer was filed on May 9, 1973, well within the delay of 15 days following notice or service of notice of the time refixed for the trial. Hence, there was no waiver of any defense, even under a strict interpretation of the statute.
Therefore, with the utmost respect for the views expressed by my colleagues, I dissent.