WATKINS, Judge.
This is an appeal from a judgment adverse to the State of Louisiana, through the Department of Highways (DOTD) rendered in an expropriation proceeding. We affirm.
Sterling Boudreaux, Jr., was incorrectly stated to be landowner in the State’s original petition filed December 18, 1975. The petition was amended by pleading ordered filed by the trial judge on December 6, 1979. The amended petition recited that Sterling Boudreaux, Sr., and Helen Hens-gens Boudreaux were the landowners. That latter recitation was correct, all parties agree. The trial court correctly found that the expropriation took place only upon its ordering the amended petition filed, on December 6, 1979.
These facts are well and clearly set forth in the trial court’s written reasons for judgment. We quote the trial court’s recitation of facts in full for purposes of this decision:
“On November 20, 1975, Sterling M. Boudreaux, Jr. executed an act of cash sale in favor of his father, Sterling Bou-dreaux, Sr., conveying to him for $18,-000.00 a certain tract of land situated in the Parish of Lafourche on the right or west descending bank of Bayou La-fourche in the Galliano community, lying on the north side of West 163rd Street (formerly known as Myrtle Street), which property measured 202.63 feet on West 163rd Street by a depth of 106 feet. On December 18, 1975, the State of Louisiana, through the Department of Highways, filed suit against Sterling Bou-dreaux, Jr. to expropriate a right-of-way across the above-described property for the relocation of State Highway Louisiana 1 from Golden Meadow to Larose, which is State Project Number 60-04-19. On that same date an order of expropriation was signed by this Court and the sum of $2,169.00 was deposited into the registry of the Court. The amount of land to be taken was 0.497 acres and the tract is shown as Parcel 27-9 on the Department’s map. This order of expropriation is recorded in Conveyance Book 555, Folio 367, under entry number 417180. Notice was issued by the Court to Sterling Boudreaux, Jr. in accordance with law, but the citation was returned dated December 29, 1975, and marked ‘Empty house’ by the process server.
On November 15, 1979, answer was filed by Sterling Boudreaux, Jr. in which he admitted his ownership of the proper *430 ty in question.[1] On November 30, 1979, a First Supplemental and Amending Petition and a First Supplemental and Amending Order of Expropriation were filed by the Department of Highways, substituting Sterling Boudreaux, Sr. and Helen Hensgens Boudreaux as parties defendant in lieu of Sterling Boudreaux, Jr. On December 4, 1979, Sterling Bou-dreaux, Sr. and Helen Hensgens Bou-dreaux filed an answer admitting their ownership of the property and praying for awards substantially in excess of the amount deposited in the registry of the Court.
On December 6, 1979, this Court signed an order permitting the filing of the Supplemental and Amending Petition; signed the First Supplemental and Amending Order of Expropriation but made it effective only from December 6, 1979; and ordered that a pre-trial conference be held in this matter on February 25, 1980. On December 14, 1979, the notices of expropriation were served on Sterling Boudreaux, Sr. and Helen Hens-gens Boudreaux.
The pre-trial conference was held on February 25, 1980, and the parties stipulated all facts alleged by the plaintiff except the issues of quantum and the effective date of the transfer of title from the defendants to the State of Louisiana. The trial of this matter was originally scheduled for April 28, 1980, but on joint motion of the parties it was continued until June 17, 1980, at which time it was held and completed.”
The expropriation took place under the authority of LSA-R.S. 48:441 et seq., entitled Expropriation By Declaration of Taking and commonly known as the “Quick Taking” statute. The principal issue is whether the expropriation and vesting of title in the DOTD took place on the date of the filing of the original petition for expropriation and deposit in the name of Sterling Boudreaux, Jr., December 18, 1975, or only upon the filing of the amended petition as permitted by order of the trial court dated December 6, 1979, and the issuance of an amended order of expropriation on that date. The original petition named the incorrect party, Sterling Boudreaux, Jr., as defendant, and the amended petition named the correct parties, Sterling Boudreaux, Sr. and Helen Hensgens Boudreaux.
An expropriation is in the nature of an in rem proceeding. Garber v. Phillips Petroleum Company, 146 So.2d 518 (La. App.3d Cir. 1962). However, Constitutional and statutory rules regulate and limit the manner in which expropriation may be effected.[2] There are several expropriation statutes in this state. LSA-R.S. 48:441 et seq. is only one of those expropriation statutes. If expropriation is made under this statute the statutory provisions must be strictly complied with as only then does the vesting of title in the State take place under LSA-R.S. 48:445, because, as was said in State v. Bordages, 156 So.2d 617 (La. App.3d Cir. 1963):
“[I]f the Department of Highways obtains an order of expropriation without complying with the provisions of Act 107 of 1954, then its title under such an order could not be said to have been ‘acquired under these provisions,’ and the Department would not be entitled to the protection against divestiture of title as provided in LSA-R.S. 48:460.” (156 So.2d 617, 620)
Under this expropriation statute, title vests in the Department only upon the making of a deposit for the “use and benefit of the persons entitled thereto. . . . ” LSA-R.S. *431 48:445. That statutory provision, read in full, states as follows:
“Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights, as contained in the petition. Upon such deposit, title to the property and the property rights specified in the petition shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto.”
The “persons entitled thereto” must be either the record owner or some other person legally the owner but not the titleholder of record. There is no one else who would be entitled to the amount deposited. This view is dictated by a consideration of Art. 1, Sec. 4 of the Louisiana Constitution of 1974, which reads in part as follows:
“Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into the court for his benefit.” (emphasis added)
Thus, it is clear that the deposit must be made for the benefit of the “owner” either record or legal. A deposit for the benefit of a third person can have no legal efficacy.
The DOTD has failed to show that Sterling Boudreaux, Jr. was the legal owner at the time the deposit was made on December 18, 1975. He was clearly not the record owner. Since the law requires that the expropriation statute utilized must be strictly followed (see Bordages, supra) we see that the making of the deposit did not vest title in the state, as Sterling Bou-dreaux, Jr. was not the person entitled to the deposit, the legal or record owner. He was, at the time of the deposit, an outsider, a third party. Only when the petition was corrected to show the record owners, who were also the legal owners, was title vested in the Department.
The DOTD contends that if LSA-R.S. 48:445 is taken literally, vesting takes place only when the Clerk issues a receipt reflecting the deposit. The DOTD contends further that since the deposit in this case was made “for the use and benefit of the persons entitled thereto” the statute was substantially complied with even though the petition for expropriation did not name either the legal or record owner of the property being taken. However, we note that the statute states, “Upon such deposit, title to the property . . . shall vest in the department....” “Upon such deposit ...” clearly indicates title vests upon the making of the deposit for the benefit of the person who is entitled thereto as legal or record owner, not that title vests when the receipt is issued.
Thus, title vested in DOTD upon the court’s permitting the amended petition to be filed on December 6,1979, and issuing on that date an amended expropriation order, as only then did the deposit take effect for the benefit of the true owners. The value of the property must be ascertained as of that time, December 6, 1979.
QUANTUM AND ATTORNEY’S FEES
The trial court’s determination of quantum and attorney’s fees is correct, and well stated, and we quote from its written reasons on those two matters:
“HI. QUANTUM
Counsel for the plaintiff, on instructions from his superiors, declined to present any evidence on the value of the property taken as of December 6, 1979. The only evidence presented by the plaintiff was the testimony of the appraisers, L. J. Roy and Peter J. Talluto showing December 18, 1975 values for the property-
The defendants introduced the testimony of Larry D. Weidel, a licensed realtor, who indicated that West 163rd Street is a fifty foot dedicated right-of-way street maintained by the Lafourche Parish Police Jury and is blacktopped to within 600 feet of the property. The street has a *432 shell road surface to within 200 feet of the portion taken for the highway right-of-way. A single family dwelling is located 200 feet from the subject property and utilities are extended to that residence. The property is partially cleared and well drained and is in an area where there has been substantial development in recent years. The highest and best use of this property is for single family residences. In the neighborhood of this property there are homes ranging in value from $15,000.00 to over $100,000.00. School, churches, medical and shopping facilities, and a post office are nearby.
Mr. Weidel considered three relevant comparable sales in the immediate vicinity in reaching his market approach valuation for the property. The first was the sale by Sterling Boudreaux, Jr. to Sterling Boudreaux, Sr. of $18,000.00 or $30.00 per front foot previously discussed. The second was a sale by Champ Service Company to the Department of Transportation and Development on February 14, 1979, of a tract of land directly across the street from the subject property. The purchase price was $5,857.00 for a tract measuring 202.63 feet by 108 feet, or $28.90 per front foot. The third comparable was a sale dated September 11, 1979, by Moise Galliano to Clifton Terre-bonne of a lot 100 feet by 107 feet for $4,500.00, or $55.00 per front foot, which lot is immediately adjacent to the subject property. Mr. Weidel also considered four other comparables in the South La-fourche area but they are not in such immediate proximity as the comparables above mentioned. Mr. Weidel was of the opinion that in December of 1979 the value of the property taken was $40.00 per front foot or $8,105.20. Since his opinion is the only one before the court concerning value in 1979 and since it appears to be based on relevant compara-bles and is realistic in view of the property situation in the South Lafourche area (State, Department of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1st Cir., 1977) (writs refused, 351 So.2d 166 (La., 1977)), this Court will accept it as the proper valuation in this case.
IV. ATTORNEY’S FEES
The amount deposited in the registry of the Court was $2,169.00. At the trial in this matter the plaintiff conceded that this valuation was not valid because it introduced the testimony of Mssers. Roy and Talluto who fixed values in 1975 at more than double this amount. Since the amount of the award in this case exceeds the amount of the deposit, the defendants are entitled to a reasonable attorney’s fee. R.S. 48:453. In accordance with State, Department of Highways v. Terrebonne, supra, this Court has considered the services performed by the attorney for the defendants under the eye of the Court and after reviewing the record in this matter will fix an attorney’s fee of $500.00.”
The judgment of the trial court is affirmed, all costs to be borne by appellant.
AFFIRMED.

. In his answer Sterling Boudreaux, Jr., did not admit he owned the property in question. He merely admitted the State’s allegation that the State believed he owned the property. Thus, all that Sterling Boudreaux, Jr. admitted was that the State, was in good faith.

. Since expropriation proceedings are in derogation of the common right of individuals to own property, the law governing these proceedings must be strictly construed and the proceedings highly scrutinized so that a property owner is afforded every opportunity to protect his property interests consistent with law and equity. State, Etc. v. Jeanerette Lumber & Shingle, 350 So.2d 847 (La.1977).