I .DOWNING, J.
In this matter, the City of Baton Rouge/Parish of East Baton Rouge (City/Parish) expropriated property belonging to Johnea Properties, L.L.C. (Johnea). After a trial on the merits, the district court entered judgment awarding Johnea damages in excess of the amount deposited into the court, attorney fees, expert witness fees, costs and interest. Johnea appeals this judgment, challenging the date of the taking, the extent of the taking, the amount of compensation, and the amount of the attorney fee award and expert witness fee awards. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
In its opinion entitled City of Baton Rouge v. Johnca Properties, L.L.C., 00-2524, pp. 1-5 (La.6/1/01), 794 So.2d 766, 767-769, the Louisiana Supreme Court set out the pertinent facts and history of this matter up to that point. In its opinion, the Supreme Court reversed the decision of this court and reinstated the judgment of the trial court denying Johnea’s motion to dismiss the action. In so doing, the court ruled that the City/Parish possessed the authority to employ the' quick taking procedure outlined in La. R.S. 48:441-460. The court remanded this matter to the trial court for proceedings consistent with its opinion.
The matter was returned to the trial court. The City/Parish filed a supplemental petition and deposited additional funds into the court reflecting its amended valuation of just compensation.
After a bench trial, the trial court entered judgment awarding Johnea damages in excess of the amount deposited into the court, attorney fees, expert witness fees, costs and interest.
Johnea appeals, assigning four assignments of error.
[sl. The trial court committed reversible error in finding that the date of taking was May 20, 1999 rather than July 17, 2001;
2. The trial court committed reversible error in finding that the expropriation was a taking of the whole property at issue rather that a partial taking; and if it was a partial taking, was the remainder an “uneconomic remainder;”
3. The trial court committed reversible error in failing to award adequate just compensation for the property taken;
4. The trial court committed reversible error in failing to award reasonable attorney fees and expert witness fees.
DISCUSSION
Date Of Taking
Johnea first argues by assignment of error that the actual date of taking was July 17, 2001, when the City/Parish paid $54,000 into, the registry of the court as additional estimated just compensation. This $54,000 represented the estimated increase in value of the property between the date of the appraisal and the date of filing the petition for expropriation, approximately eleven months later. The City/Parish had previously paid $454,000 as estimated just compensation when it filed its expropriation petition on May 20, 1999, the date the City/Parish considers *697 the date of taking. Johnca argues that title to the property does not vest in the City/Parish until it deposits into the registry of the court the sum of just compensation citing State, Department of Highways v. Boudreaux, 401 So.2d 428 (La.App. 1 Cir.1981). It further argues that the City/Parish knew when it filed its petition that the sum deposited was inadequate because the sum was based on a year-old appraisal that did not reflect the known increase in value of the property. Accordingly, it argues that title did not vest until the full amount of just compensation was paid. Johnca argues that this is important because if the property vested in July 2001 rather than May |41999, Johnca would be entitled to the substantially increased value of the property.
Johnca’s reliance on Boudreaux, above, is misplaced. La. R.S. 48:1259[1] requires that the petition contain an amount of estimated just compensation. La. R.S. 48:445 provides that title to property vests in the City/Parish upon payment of this estimated deposit as follows:
Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights, as contained in the petition. Upon such deposit, title to the property and the property rights specified in the petition shall vest in the department and the right to just compensation therefor shall vest in the persons entitled thereto. (Emphasis added.)
La. R.S. 48:460 provides as follows:
The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public purpose. In the event of such findings, the court shall enter such judgment as is necessary to compensate the defendant for the period during which the property was in the possession of the plaintiff and to recover for the plaintiff any award paid. (Emphasis added.)
Accordingly, title to the subject property was divested from Johnca in May 1999 and became vested in the City/Parish when the City/Parish paid its estimated deposit. We have no authority to divest such title unless we find the property was not taken for a public purpose, La. R.S. 48:460, and Johnca does not dispute the public purpose of the taking.
Even so, Johnca argues that since the City/Parish did not follow delineated procedures by failing to pay the proper amount of just | ¡^compensation, title did not vest in the City/Parish. It cites Bou-dreaux,[2] which says, “If expropriation is made under this statute the statutory provisions must be strictly complied with as only then does the vesting of title in the State take place under LSA-R.S. 48:445[.]” Boudreaux, 401 So.2d at 430. But Johnca makes no showing that the City/Parish failed to strictly comply with required pro *698 cedure in this regard. The petition contains an estimate of just compensation and the required certifications as required by statute.
Johnca makes a strong argument that the City/Parish knew that the estimate was low when it paid $454,000 into the registry of the court. However, under the statutory authority cited above, title vested when the City/Parish complied with procedure and deposited the estimated compensation into the registry of the court.
Accordingly, we conclude that the date of taking was May 20, 1999, the date of depositing the estimate of compensation in this matter. Johnca’s remedy under the quick taking statutes was to challenge the amount of compensation, which it did successfully.[3] This assignment of error lacks merit.
Extent Of Taking

Legal Description

Johnca argues that the City/Parish only effected a partial taking because of a discrepancy between the legal description employed in the petition and the right-of-way shown on the official map depicting the actual right-of-way, which map was not attached to or incorporated into the ^petition. The actual right-of-way did not encompass the entire Johnca tract.
Johnca argues that hornbook law requires the plat to control the extent of the taking when a discrepancy exists with a written description.[4]
Johnca misconstrues the law. The cases cited by Johnca deal with boundary disputes and discrepancies between descriptions and survey maps attached to the same act of sale. They are inapplicable here since there are no boundary disputes or discrepancies between the right-of-way map and the property description. The right-of-way map does not attempt to describe the entire Johnca tract, but to show the proposed location of the actual right-of-way on the property.
The City/Parish’s petition adequately described the property to be expropriated. Johnca provides no authority, and we have found none, to support the proposition that the existence of a right-of-way map has any control over the content of the petition or the extent of the property taken. The City/Parish expropriated the entire Johnca tract.

Necessity of Taking

In challenging the extent of the .taking, Johnca challenges the necessity of the taking. Red River Waterway Com’n v. Fredericks, 566 So.2d 79, 83 (La.1990). In Red River Waterway, the Louisiana Supreme Court explained that under the highway quick-taking statute, three issues existed for determination by the court: 1) whether the property was taken for a highway purpose, 2) whether the expropriating agency acted arbitrarily, capriciously, or in bad faith in determining the necessity of the taking, and 3) whether the compensation was adequate. Id. The court instructed that questions such as the location and extent of the expropriation, the nature of |7the title to be taken, and the wisdom of pursuing a particular improvement project relate to the issue of the necessity of the taking. Id.
*699 “The standard is whether the expropriator, in selecting the location and extent of the property to be expropriated, acted in bad faith or so capriciously and arbitrarily that its action was without an adequate determining principle or was unreasoned.” Id. “Thus, the landowner attacking the taking must show that the expropriator exercised its large discretion without consideration or adjustment with reference to principles, circumstances or significance.” Id. The landowner attacking the taking bears this heavy burden of proof. Id. The decision of the expropriating agency may not be set aside as long as it acts reasonably and in good faith in determining the taking is necessary. Id.
Here, the City/Parish’s chief engineer testified that he certified the entire Johnca property as necessary for expropriation based on safety issues, driveway access, building set back lines and required lines of sight. He testified that no driveway would be permitted at the busy intersection of Bluebonnet Boulevard and Airline Highway due to safety concerns. One of his safety goals was to eliminate the possibility of driveways at the intersection. He noted that the remaining property was a very small tract.
These considerations are reasonable, and Johnca has failed to meet its burden of proof; it has made no claim and has offered no proof that the City/Parish acted in bad faith. Accordingly, we cannot set aside the decision of the City/Parish as the expropriating authority. Nor can we conclude that the taking was wrongful in whole or in part, which would entitle John-es, to additional damages. Johnca’s second assignment of error lacks merit.
IsAmount of Just Compensation
In its third assignment of error, Johnca argues that the trial court erred in failing to award adequate just compensation for the subject property. It claims that the appraised value was too low, that it was not adequately compensated for the remainder of the property not needed for road construction, that it was not compensated for loss of income from the property, and that it was not compensated for the City/Parish’s trespass when it tore down the building on the property prior to the Louisiana Supreme Court’s decision becoming final. We disagree.
In expropriation proceedings, a factfinder’s factual determinations as to value of property and entitlement to any other types of damages will not be disturbed on review in the absence of manifest error. Concha Chemical Pipeline v. Schwing, 01-2093, p. 4 (La.App. 1 Cir. 9/27/02), 835 So.2d 543, 545. “The trial court is granted a great deal of discretion in determining the value of property in expropriation cases.” M[5] “In an expropriation proceeding the trial court is not required to accept or reject the testimony of any particular witness, but may give whatever weight he considers appropriate to the testimony of any and all witnesses in making his factual determination of the value of the property taken. He may reach a conclusion which does not coincide with the testimony of any witness.” State, Department of Transportation and Devel *700 opment v. Mayet, 521 So.2d 671, 673 (La.App. 1 Cir.1988).
Here, the trial court valued the property at $546,000 employing the approach of one of the two expert appraisers hired by Johnca. After the trial |9court adjusted this appraiser’s valuation to reflect the correct square footage, this appraisal was within $8,000 and $16,000 of the valuations made by the appraisers hired by the City/Parish. The trial court then awarded $30,000 for a billboard on the property. The trial court awarded the highest of the three values. It apparently disregarded the fourth appraisal, made by Johnca’s other appraiser, which was substantially higher. Accordingly, the trial court’s valuation is supported by competent evidence and is neither manifestly erroneous nor an abuse of discretion.
Even so, Johnca argues that the remainder of the property not used for road construction could have been economically viable, and additional compensation is due therefor. Particularly, it argues that it lost income from loss of the billboard.
In this regard, the trial court observed that Johnca failed to prove that it would have been able to generate income from the billboard. It did, however, award $30,000 for the billboard because it was on the property and could have been used to advertise the business on the property. Given the lack of proof, the trial court was not manifestly erroneous in failing to award damages based on potential income from the billboard, nor did it abuse its discretion in awarding the amount it did.
Johnca argues that it was not compensated for its loss of income from the property. The trial court, however, correctly observed that once it was paid, Johnca was “free then to go and buy [... ] another building and lease it out to somebody for the duration.” The trial court continued, “If you, you know, get paid for the value, and then you get paid for the lease, you’ve been paid twice.” The trial court was not manifestly erroneous in failing to award lost income when Johnca could have invested in other property to replace its income stream.
ImJohnca then argues that it suffered damages from the City/Parish’s trespass when it tore down the building on the property before the Louisiana Supreme Court’s decision was final. As discussed above, and as the trial court correctly explained, however, title to the property vested in the City/Parish upon paying the estimated value into the registry of the court. The City/Parish cannot trespass on its own property. Johnca is not entitled to any compensation for mental anguish or other damages from the alleged trespass.
The trial court did not abuse its discretion in its award of damages. Johnca’s assignment of error in this regard is without merit.
Attorney Fees
Johnca argues that the trial court abused its discretion in awarding attorney fees in the amount of $9,500. It argues that the lengthy litigation, including taking this matter to the Louisiana Supreme Court, justified an award of higher fees. It argues that the award should at least be based on the difference between the actual award and the amount of the initial deposit rather than the amount of the supplemented deposit. We disagree.
Louisiana Revised Statutes 48:453 E provides as follows:
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event *701 shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court. (Emphases added.)
Here, the trial court awarded twenty-five percent of the difference between the award and the amount deposited in the registry of the court as attorney fees. The City/Parish had deposited $508,000 into the registry of the court at the time of trial. The trial court awarded $546,000. The difference is $88,000. Twenty-five percent of this amount is $9,500, which |nthe trial court awarded. This statute allows the court to base its award only on the difference between the amount deposited and the amount awarded. Johnca argues no basis for the use of the earlier, lower deposit as a basis for awarding attorney fees other than that even the larger sum does not cover its legal expenses in this matter.
Here, the trial court awarded the highest attorney fee allowed by law. It did not commit error or abuse its discretion in doing so. This assignment of error is without merit.
Expert Witness Fees
Johnca argues that the trial court erred in failing to award sufficient expert witness fees. The trial court awarded $23,816 in expert witness fees. Johnca argues that the correct sum for expert witness fees should have been $25,300, a difference of $1,484. But it fails to explain the source of the discrepancy or how it alleges the court erred. The only specific argument it makes is that the trial court failed to award the full amount of the expert witness fee and court time of John-ca’s appraiser, Kermit Williams.
Regarding Mr. Williams, the trial court stated that it awarded $5,016 for coming to court, but nothing for his analysis. The trial court noted that it “at least used his square footage.” In any event, we cannot discern Johnca’s basis for claiming an additional $1,484. ■ And generally, the amount and fixing of expert fees lies within the sound discretion of the trial court and will not be disturbed in the absence of abuse of discretion. Simpson v. Goodman, 97-2675, p. 13 (La.App. 1 Cir. 12/28/98), 727 So.2d 555, 564. Here, John-ca makes no showing that the trial court abused its discretion. Accordingly, we affirm the trial court in this regard. This assignment of error is without merit.
| ^DECREE
For the forgoing reasons, we affirm the judgment of the trial court. Costs are assessed to Johnca Properties, L.L.C.
AFFIRMED

. The Louisiana Supreme Court ruled in Johnca that the applicable petition requirements were contained in La. R.S. 19:2.1 as applied through La. R.S. 48:1259, rather than in La. R.S. 48:442. Johnca, 00-2524 at p. 6, 794 So.2d at 769. La. R.S. 48:1259 provides that, “[a]U other procedures for expropriation shall be as provided in R.S. 48:441 through R.S. 48:460[.]”

. Boudreaux’s ultimate holding in this regard is that "the deposit must be made for the benefit of the 'owner' either record or legal. A deposit for the benefit of a third person can have no legal efficacy.” Boudreaux, 401 So.2d at 431.

. La. R.S.'48:445 provides that the right to just compensation shall vest in the person entitled thereto, but this right correlates with the property vesting in the department upon deposit of the amount of the estimate in the registry of the court.

. Johnca fails to state the hornbook to which he is referring, and we cannot find one that asserts this proposition where there is no discrepancy in the property being described, as in the matter before us.

. Several Louisiana cases state that damages are covered by both the manifest error standard and the abuse of discretion standard. See e.g. Exxon Pipeline Co. v. LeBlanc, 99-1437 (La.App. 1 Cir. 6/23/00), 763 So.2d 128, rev'd on other grounds, 00-2535 (La.5/15/01), 788 So.2d 1154, State, Department of Transportation and Development v. Mayet, 521 So.2d 671, 673 (La.App. 1 Cir.1988). We suggest that the correct standards are manifest error on the actual decision to award damages or not and abuse of discretion on the amount of damages.